# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DENNIS LEE HOHOL,

      Plaintiff,

      v.                                    Case No. 08-C-0832

TIM LUNDQUIST, MICHAEL THURMER, C. RITER,
JAMES TRAMERI, N IRIZARRY, T MARINI, KATHY NAGLE,
JON WALTZ, and NEVEN WEBSTER,

      Defendants.

## ORDER SCREENING PLAINTIFF'S AMENDED COMPLAINT

This matter is before the court for screening of Dennis Hohol's amended complaint. The court is required to screen inmate complaints seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

      A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more

usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 129 S. Ct. at 1950. Legal conclusions must be supported by factual allegations. *Id.* If there are well-

pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he was deprived of a right secured by the Constitution or laws of the United States; and (2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's pro se allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 127 S. Ct. 2197, 2200 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 [1976]).

## I. COMPLAINT AVERMENTS

The plaintiff is a state prisoner who was disabled when he entered the Wisconsin prison system. He also suffered an injury in December 2007 while he was working in the kitchen at Dodge Correctional Institution ("Dodge"). Even with his disability, the plaintiff had been working at Dodge since April 2003. Nevertheless, on September 19, 2008, the plaintiff was transferred to Waupun Correctional Institution ("Waupun").

This transfer resulted from a blanket request by defendant Jon Waltz that all disabled prisoners be transferred from Dodge because Dodge has no jobs available for prisoners with disabilities. According to the plaintiff, the Program Review Committee at Dodge justified the transfers by finding that Dodge did not have any jobs available that fit

disabled inmates' activity level. They determined that the transfers were warranted so that other inmates could have the opportunity to utilize the jobs at Dodge. The plaintiff seeks the wages he lost as a result of his early recall from Dodge.

The plaintiff further avers that his transfer from Dodge to Waupun was part of continuing retaliation against him by defendant Michael Thurmer because of lawsuits the plaintiff had filed against employees of the Wisconsin Department of Corrections ("DOC").

Finally, the plaintiff avers that his law library time was restricted at Waupun by defendant Neven Webster, also in retaliation for the lawsuits the plaintiff had filed. The plaintiff went from sixteen hours of law library time per week at Dodge to "maybe only one hour of legal law search per week, with some weeks none at all." (Amended Complaint, pp. 3-4). Consequently, the plaintiff is seeking monetary relief.

## II. DISCUSSION

At the heart of the Amended Complaint is the plaintiff's claim that he has been retaliated against by the defendants for filing lawsuits against DOC employees. A plaintiff must plead three elements to state a claim for retaliation: he must (1)"specif[y] a retaliatory action," (2) name the appropriate defendants, and (3)"[assert] a constitutionally protected activity, the exercise of which caused the [...] retaliatory action." *Hoskins v. Lenear*, 395 F.3d 372, 375 (7th Cir. 2005). Here, the plaintiff identifies the termination of his employment at Dodge, his transfer from Dodge to Waupun, and the restriction of his library use at Waupun as retaliatory actions. Further, the plaintiff names Thurmer and Webster as defendants and invokes his First Amendment right to free speech and to petition the government for a redress of grievances as the protected activity that allegedly

4

provoked the defendants' retaliatory response. Although these events may not constitute constitutional violations on their own, they may be the events underlying a First Amendment retaliation claim. Thus, Hohol may proceed on his proposed retaliation claims against defendants Thurmer and Webster.

As indicated above, the plaintiff's transfer to Waupun and loss of his prison job do not implicate Fourteenth Amendment due process rights. First, "[a] transfer from one prison to another does not deprive the prisoner of liberty or property within the meaning of the due process clause, and therefore does not require notice and an opportunity for a hearing." *Bruscino v. Carlson*, 854 F.2d 162, 167 (7th Cir. 1988). Second, "[a]n inmate's expectation of retaining a certain prison job does not amount to a property interest or liberty interest entitled to protection under the due process clause. *Gibson v. McEvers*, 631 F.2d 95, 98 (7th Cir. 1980). Hence, the plaintiff may not proceed on independent constitutional claims regarding those events.

Likewise, the plaintiff's averments regarding a reduction in his law library time do not constitute an independent claim. Prisoners have a "fundamental constitutional right of access to the courts [that] requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing [them] with adequate law libraries or adequate assistance from persons trained in the law." *Bounds v. Smith*, 430 U.S. 817, 828 (1977). However, "where 'meaningful' access to the courts is not denied as the result of inconvenient or even highly restrictive regulations governing the use of a prison law library, no constitutional guarantee to court access is violated." *Smith v. Shawnee Library System*, 60 F.3d 317, 323 (7th Cir.1995) (quoting *Hossman v. Spradlin*, 812 F.2d 1019, 1021 (7th

5

Cir.1987)). Therefore, the right enunciated in *Bounds* is that of access to the court and not a right to law libraries or legal services as such. *See Lewis v. Casey*, 518 U.S. 343, 353-354 (1996). The plaintiff's pleadings and correspondence with this court evidence his ability to access the courts.

The plaintiff suggests that the termination of his employment, his transfer, and his restricted law library access constitute cruel and unusual punishment in violation of the Eighth Amendment. An analysis of an Eighth Amendment "cruel and unusual punishment" claim must consist of two elements: (1) objectively, whether the injury is sufficiently serious to deprive the prisoner of the minimal civilized measure of life's necessities, and (2) subjectively, whether the prison official's actual state of mind was one of "deliberate indifference" to the deprivation. *Farmer v. Brennan*, 511 U.S. 825, 833-34 (1994). The plaintiff's averments do not involve instances of segregated confinement or deprivation of basic needs that are typically associated with Eighth Amendment claims in the prisoner context. He will not be allowed to proceed on a claim under the Eighth Amendment.

As for the averments that the plaintiff was discriminated against because he has a disability, the court notes that the complaint asserts that defendant Waltz instigated the transfer of prisoners with disabilities from Dodge. The complaint contends that a transfer based on the plaintiff's disability violates the Americans with Disabilities Act (ADA) (42 U.S.C. §§ 12101), Section 504 of Rehabilitation Act, 29 U.S.C. § 794, 42 U.S.C. § 402(x)(1), DOC DAI policy 309.00.01(1)(c), and 28 C.F.R. § 35.130 (b)(1).

6

Section 202 of the ADA prohibits discrimination against the disabled by public entities; § 504 of the Rehabilitation Act prohibits discrimination against the disabled by recipients of federal funding, including private organizations, 29 U.S.C. § 794(b)(3). "Both provisions are enforceable through private causes of action," and "the remedies for violations of § 202 of the ADA and § 504 of the Rehabilitation Act are coextensive with the remedies available in a private cause of action brought under Title VI of the Civil Rights Act of 1964 ...." *Barnes v. Gorman*, 536 U.S. 181, 185 (2002). Additionally, both the ADA and the Rehabilitation Act apply to prisons. *Stanley v. Litscher*, 213 F.3d 340, 343 (7th Cir. 2000).

Title II of the ADA creates a private cause of action for damages against states for conduct that violates the Fourteenth Amendment; thus, Title II abrogates state sovereign immunity at least for those claims that independently violate the Constitution. *United States v. Georgia*, 546 U.S. 151, 159 (2006); *Toeller v. Wis. Dep't of Corr.*, 461 F.3d 871, 874 (7th Cir. 2006). Here, the plaintiff's transfer and the loss of his prison job do not independently violate the Constitution. However, the Supreme Court in *Georgia* left open the question of whether the ADA could validly abrogate sovereign immunity for non-constitutional violations. 546 U.S. at 159. In reserving this question, the Court instructed lower courts to determine in the first instance, claim by claim, whether Congress' purported abrogation of sovereign immunity is valid when the challenged conduct violates the ADA but not the Constitution. *Id.*

While the court has held prisons to be "public entities" within the meaning of the ADA, a plaintiff must also qualify under the act as a disabled individual. Hohol, a

7

paraplegic, is clearly a qualified disabled individual for ADA purposes. Further, although ADA claims must be brought against a governmental (public) entity, 42 U.S.C. § 12132, the court will allow the plaintiff's ADA claim to proceed against defendant Waltz in his official capacity only.

To state a claim under the Rehabilitation Act, the plaintiff must allege: (1) he is handicapped under the Act; (2) he is otherwise qualified for the benefit sought; (3) he was discriminated against solely by reason of his handicap; and (4) the program or activity in question receives federal financial assistance. *Grzan v. Charter Hosp. of Northwest Indiana*, 104 F.3d 116, 119 (7th Cir. 1997); 29 U.S.C. § 794. The averments in the subject complaint meet this requirement thereby entitling the plaintiff to proceed on a claim under § 504 of the Rehabilitation Act[1] against defendant Waltz in his official capacity.

The complaint cites 42 U.S.C. § 402(x)(1)), which provides that Social Security disability benefits shall not be paid to any imprisoned felon (federal or state) unless the individual is "actively and satisfactorily participating in a rehabilitation program which has been specifically approved for such individual by a court of law and the Secretary of Health and Human Services [the department where Social Security Administration is housed]." It is not clear what kind of claim the plaintiff is asserting. As a threshold consideration, the plaintiff does not suggest any deprivation of benefits or that he has participated in a rehabilitation program.

---

[1] The plaintiff's complaint could be read to suggest that he lost his prison job and was transferred both because of his disability and in retaliation for lawsuits he has filed. Although the plaintiff may ultimately have to choose only one of these theories, the court will not dismiss either or both of the plaintiff's claims at screening based on this inconsistency.

8

Finally, the plaintiff also named Tim Lundquist, C. Riter, James Trameri, N. Irizarry, T. Marini, and Kathy Nagle as defendants in this action. However, the Amended Complaint does not suggest how any of them was involved in the alleged deprivation of the plaintiff's constitutional rights. Because a § 1983 cause of action is against a person, "[t]o recover damages under § 1983, a plaintiff must establish that a defendant was personally responsible for the deprivation of a constitutional right." *Johnson v. Snyder*, 444 F.3d 579, 583 (7th Cir. 2006) (quoting *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995)). Therefore,

IT IS ORDERED that Tim Lundquist, C. Riter, James Trameri, N. Irizarry, T. Marini, and Kathy Nagle be DISMISSED as defendants in this action.

IT IS FURTHER ORDERED that pursuant to an informal service agreement between the Attorney General and this court, copies of plaintiff's complaint and this order are being sent today to the Attorney General for service on the remaining state defendants, Michael Thurmer, Neven Webster, and John Waltz.

IT IS ALSO ORDERED that the defendants shall file a responsive pleading to the complaint.

IT IS FURTHER ORDERED that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the $8.53 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the

9

amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

IT IS ALSO ORDERED that copies of this order be sent to the warden of the institution where the inmate is confined.

IT IS FURTHER ORDERED that the plaintiff shall submit all correspondence and legal material to:

> Honorable C.N. Clevert, Jr.
> % Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

The plaintiff is hereby notified that he is required to send a copy of every paper or document filed with the court to the opposing parties or their attorney(s). Fed. R. Civ. P. 5(a). The plaintiff should also retain a personal copy of each document. If the plaintiff does not have access to a photocopy machine, he may send out identical handwritten or typed copies of any documents. The court may disregard any papers or documents which do not indicate that a copy has been sent to each defendant or to their attorney(s).

The plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 14th day of May, 2010.

BY THE COURT

/s/ C. N. Clevert, Jr.
C. N. CLEVERT, JR.
CHIEF U. S. DISTRICT JUDGE

11

Case 2:08-cv-00832-AEG   Filed 05/14/10   Page 11 of 11   Document 14